[No. 2,534.]

# ROBERT SHEA *v.* POTRERO AND BAY VIEW RAILROAD COMPANY.

HOW STREET RAILROAD CARS SHOULD BE RUN.—While a street railroad company has a right to run its cars on a public street, yet the public have also a right to travel on the street, and the railroad company must exercise such care and precaution for the purpose of avoiding accidents and endangering property or person, as a reasonable prudence would suggest.

RIGHT OF STREET RAILROAD ON STREET.—A street railroad company has only an equal right with the traveling public to the use of the street where its track is laid, with a few exceptions, such as, that the cars run on a track, and when a vehicle meets a car it must give way.

RIGHTS OF PERSONS TO WALK ON STREET RAILROADS.—A person is entitled to walk on a street railroad track in a public street, using reasonable care and prudence to avoid injuries; but he is not required to abandon the track in order to avoid possible injuries which may result from the carelessness of the company, and if he is injured by the carelessness of the company while walking on the track, the fact that he might have walked by the side of the track is not contributory negligence on his part.

Exceptions to Instructions Given to a Jury.—When a party procures the Court to give to the jury an instruction which contains legal propositions, it is sufficient for the opposite party to except generally to the instruction without specifying what part of it is objectionable, but an exception to the charge given by the Court of its own motion, must specify the proposition which is deemed objectionable.

Rule of Damages in Action for Injury to Person.—In an action for damages caused by injury to the person, the jury, in estimating damages, cannot take into consideration the fact that the plaintiff is a man who has to depend on his manual labor for a living. The damages in such actions are not dependent on the wealth or poverty of the plaintiff.

Appeal from the District Court of the Fourth Judicial District, City and County of San Francisco.

The defendant was a corporation, and owned a railroad known as the Potrero and Bay View Railroad, which for a considerable distance passed along Kentucky street. It was excavating a deep cut for its track in Kentucky street. The grade had an ascent leading along the street into this cut, and when the cars were loaded with dirt they were propelled by their own weight down this grade, along the street to where the dirt was dumped. The plaintiff, about ten o'clock at night, on the 10th of April, 1869, was walking along Kentucky street, on the track of the defendant's railroad, when he was struck by a car of the defendant, loaded with dirt, and sustained severe injuries on his person. The plaintiff was on his way to his residence, and Kentucky street was his usual and direct route of travel home. The testimony tended to show that the earth which was taken from the cut was of a greasy character, and that it had fallen on the track, and that the noise usually made by the cars was thereby deadened. That there was no moon on the night of the accident, and that there were no lights on the defendant's car or street, and that no bell was rung on the car, and that the plaintiff did not know of the approach of the car until he was struck. There was another track by the side of the one on which the plaintiff was walking, and he knew

that the cars were running and carrying dirt on the track where he walked. For the purpose of giving to the profession the general theory upon which the Court below tried the case, the instructions of the Court given to the jury are inserted below:

The Court, at the request of the plaintiff, gave the following instructions:

"1. The answer admits the corporate capacity of the defendant; that it owned and was using the car that inflicted the injury on plaintiff at the time of such injury; that this car was used in removing the dirt from the Potrero cut, and was propelled by means of the descending grade of the street upon which they moved, and the weight of the load of dirt on the car; that the occurrence out of which this action grew took place about a quarter past ten o'clock, on the night of April 10th, 1869; that the car, propelled in the manner and at the time stated, upon and along Kentucky street, a public street and thoroughfare of this city, had no signal light or bell, or other means of warning travelers on the street of its approach, except that it is claimed that there was a competent and skillful brakeman in charge of the loaded car, who warned the public of its approach by whistling and hallooing; and it is further admitted by the pleadings that while the plaintiff was walking upon Kentucky street the descending car struck and threw him down.

"2. In regard to the relative rights of the plaintiff and defendant in Kentucky street, which was an open public street and thoroughfare of this city at the time of the alleged injury, the Court charge you that the plaintiff and every other citizen were, in the exercise of ordinary care, entitled equally with the defendant to go upon and cross over the street at any point thereon they pleased. Nor has the defendant any rights superior to those of the plaintiff in that portion of the public street included between the tracks,

except when its cars are actually thereon or moving over the same.

" 3. If, at the time the plaintiff attempted to cross Kentucky street, the car of the defendant was not then on that portion of the street over which he attempted to cross, and was not threateningly near to, or threateningly approaching the same; or if, in fact, the car of the defendant was then approaching, but was not visible, or there was then nothing to warn the plaintiff of its approach, and he was then not aware of its approach, he might lawfully walk upon any part of said street, or across any part thereof; and if, in the exercise of ordinary care as a prudent person in so doing, he was injured through the negligence of the defendant, in running its car on the street without a bell or light, or other proper means of warning, the defendant is liable to the plaintiff for the damages sustained.

" 4. If the traveler on the public street is warned of the approach of cars by the customary signals, or if by other means he is made aware of their approach, he is bound not to expose himself to injury; but if he advances or crosses on the open public street, with no cars in view, and no indications of their approach, he is at liberty to pursue his way with ordinary care, and cross or walk along the public street at any point thereon that he may deem proper. He is in no wise obliged to refrain from the use of the public street from the mere fact that a line of cars run upon and over it.

" 5. On the other hand, while the defendant has the equal right to run its cars upon and along the public street, in running its cars upon an open public street of the city, where the public has an equal right to travel, and where it is presumed they will travel, the defendant must exercise such care and precaution for the purpose of avoiding accidents, endangering property or person, as a reasonable prudence would suggest, and which it was in their power to employ.

" 6. If the use of a bell or light, or both, on their dirt car, were measures that reasonable prudence and foresight dictated, the defendant was bound to use them; and if by such use accidents would probably be avoided, the omission to use them, if proved to the satisfaction of the jury, makes out a prima facie case of negligence as against defendant.

" 7. The measure of precaution and care required by law of persons in the exercise of their rights, must always be in proportion to the exigencies of the occasion, and also in view of the likelihood of endangering or affecting third parties by the exercise of such right, and this is especially so where the life or limb of a human being is concerned.

" 8. The negligence on the part of the plaintiff that will preclude or defeat a recovery herein must be such as contributed to the alleged injury. The mere fact that he happened to be on the line of the track when struck is not of itself conclusive evidence of negligence, for he was entitled to go there, unless the car of the defendant was at the time threateningly near to the part of the railroad track where he then was, and he had by the exercise of ordinary prudence, the means of knowing of the immediate approach of such car. Nor is it any conclusive evidence of negligence on the part of plaintiff that he attempted to cross Kentucky street, knowing that the dirt cars of the defendant were running thereon, for if such knowledge were to amount to conclusive proof of negligence, it would practically give the defendants the exclusive right to the use of said Kentucky street at all times when their cars were running thereon.

" 9. In cases *like this* there is no fixed rule of damages. *Yet the assessment of damages must be reasonable, and a just compensation for the value of time lost, if any, the expense, if any, paid by plaintiff, attending his cure, for mental and physical suffering, if any, as well as compensation for any per-*

*manent reduction of powers, if any, to earn a support for him-self.*

[The *italicised* words added by Judge Sawyer.]

" 10. The jury, if satisfied from the evidence of the right of the plaintiff to recover, are bound to award such damages as will fully compensate the plaintiff for the injuries and losses, if any, he has sustained in consequence of the alleged misconduct of the defendant.

" 11. In estimating damages, the jury may take into con-sideration whatever of bodily pain and suffering the plaintiff has endured; also, such loss of time as he has sustained, and the fact, if such be the fact, that by reason of the injuries he has received he may not be as well able to labor and earn a living hereafter as he was before the disaster in question; also, the extent to which his injuries, if any, may per-manently disable him, together with the further fact, if such fact is proven to your satisfaction, that he is a man who has to depend upon his manual labor for a living."

To the giving of each one of which the defendant then and there excepted.

The defendant requested the Court to give the following instructions, which the Court refused to give; to which re-fusal the defendant, by its counsel, excepted. Numbers refused as follows: 9, 10, and letters *b, c, d, e, g, h,* and *u:*

" 9. If the jury believe, from the evidence, that there was, on the west side of Kentucky street, ample way for plaintiff to have walked along in safety on the night on which the injury sued for is alleged to have been received; that plain-tiff knew of such way, and failed to use the same—then such failure on his part to use such way was negligence, in consequence of which he is not entitled to your verdict.

" 10. If the jury believe, from the evidence, that there was, on the west side of Kentucky street, an ample roadway, in which plaintiff might have walked along in the direction

which he desired to take, on the night on which the injury sued for is alleged to have been received, and that plaintiff knew of such way, and failed to use the same; that he also knew, or had reason to know, that he might meet with danger on that portion of the said street in which he was walking, and still continued to use the dangerous way, instead of the safe one, then the plaintiff was guilty of negligence, and is not entitled to your verdict.

"*b.* There being no evidence proving negligence on the part of the defendant, your verdict must be rendered for said defendant.

"*c.* The evidence of negligence on the part of the defendant in this cause being equally consistent with either view—that is, with the existence of negligence or non-existence of negligence on the part of the defendant, your verdict must be for said defendant.

"*d.* It was the duty of the plaintiff, attempting to cross Kentucky street at the time he did, to look out for the descending car; and if he failed to do so he cannot recover, and your verdict must be for the defendant.

"The Judge, at the time of refusing said instruction *d*, said: 'I refuse this instruction (instruction *d*), because the law thereof is given in another instruction, and because it assumes a fact as to the crossing.'

"*e.* If there was a sufficient space on either the west or east side of the track for plaintiff to go along safely, he was guilty of negligence in walking on the track where he did—and in consequence of so walking on the track, he cannot recover.

"*g.* If the plaintiff was traveling latterly upon the track of the railroad upon which the descending car was approaching, at the time he received the injury, he was guilty of negligence, and cannot recover.

"*h.* If the plaintiff used the railroad track upon which the descending car was approaching, laterally, that is, walk-

ing along it, it was his duty to exercise peculiar care, and to take every precaution which the highest reasonable caution could suggest; and if he failed to do those things, he was guilty of negligence, and cannot recover.

"*a.* The evidence of negligence on the part of plaintiff and defendant being balanced, your verdict must be for the defendant."

The jury found a verdict in favor of the plaintiff for eight thousand seven hundred and fifty dollars, and judgment was rendered for that amount. The defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*Williams & Thornton,* for Appellant.

The Court erred in giving the fifth instruction asked on behalf of plaintiff. The error consists in this: The jury is directed that the defendant must exercise such care and precaution, etc. "as a reasonable prudence would suggest, and which it was in their power to employ." Here the jury is told that a different degree of care and prudence is required on behalf of defendant from that required of plaintiff. The Court had before told the jury that the plaintiff was required to exercise "the ordinary care of a prudent person;" but the defendant is required to exercise such care and precaution "as a reasonable prudence would suggest." The defendant, we contend, and we think the authorities sustain us, is bound under these circumstances to no higher degree of care than the plaintiff.

Let it be noted that the plaintiff was not a passenger on the car by which he was injured. (Vide *State of Maryland* v. *Baltimore and Ohio R. R. Co.,* 24 Md. 84; *Brand* v. *R. R. Co.,* 8 Barbour, 378.)

Now, what is a reasonable prudence? What is the standard by which such prudence is to be measured? Is it the

ordinary reason of a prudent man, or the extraordinary reason? The language used in the instruction is indefinite, and may bear either construction. The rule is settled to be the ordinary care of a reasonable person. Now, can it be said that ordinary care and reasonable care mean the same thing? Would the jury so construe the language of the instruction? We contend that there is such a difference that a jury might and would be misled by it, and therefore it is erroneous. (*Stockton* v. *Frey*, 4 Gill, 406; *Wade* v. *Leroy*, 20 How. 34; *Curtis* v. *R. & S. R. Co.*, 20 Barb. 282; s. c., 18 N. Y. 534; *Shaw* v. *B. & W. R. Co.*, 8 Gray, 45; *Moody* v. *Osgood*, 50 Barb. 628.) The same remarks apply to the sixth instruction asked by plaintiff, and given, where the language used is "reasonable prudence and foresight." (Shearman & R. on Negligence, Sec. 606.)

The Court erred in giving the eleventh instruction asked by plaintiff. In this instruction the Court erroneously tells the jury that if it be a fact ·proven to their satisfaction, that the plaintiff "is a man who has to depend upon his manual labor for a living," that they may take such fact into consideration in estimating the damages to which the plaintiff is entitled.

Damages are given as a compensation for loss. It makes no difference how that loss is sustained—whether by a lawyer or a physician being rendered unable to practice his profession, or a laborer disabled from performing manual labor. Each recovers what he has lost by being disabled from earning money, by incurring expense in consequence of the injury, for mental and physical suffering. The calling of the plaintiff only becomes an element in the computation, so far as to show what has been lost by being disabled from pursuing it, and thus how much money he has failed to make in consequence of the disability. The loss is no greater or less in consequence of a man's earning his living by manual labor or without it. The loss in money would be just as

great if he had sufficient means to support himself outside of his manual labor. The matter to be determined is the loss by reason of the fact that he is disabled from earning money.

It is calculated to excite a feeling in the minds of the jurors in behalf of the laboring man—a very natural sympathy, one which is common to most men—and thus needlessly and improperly to enhance the damages; and just here we may very appropriately call the attention of the Court to the remarks of the Supreme Court of Pennsylvania, in the case of the *Pennsylvania Railroad Company* v. *Kelly*, 7 Casey, 372, 379: "Generally speaking, the influence of the Court, in this class of cases, should be exerted to restrain those excesses into which juries are apt to run.  *  * Wild verdicts are frequently rendered, and the tendency in modern times, undoubtedly is to excessive damages, especially where they are to be assessed against corporations." (See, also, the *Penn. R. R. Co.* v. *Rebe*, 33 Penn. State Rep. 308, 330.)

The Court erred in refusing the tenth instruction asked by the defendant.

This request presented the following proposition: If there are two ways to travel, one safe and the other dangerous, which facts are known to plaintiff, and he takes the dangerous way instead of the safe one, he is guilty of contributory negligence, and cannot recover. To refuse this request was clearly error. We cite the following authorities: *Wilson* v. *Charlestown*, 8 Allen, 137; *Horton* v. *Ipswich*, 12 Cush. 488; *Carolus* v. *The Mayor, etc.*, 6 Bosworth, 15; *James* v. *San Francisco*, 6 Cal. 528; *Hubbard* v. *Concord*, 35 N. H. 52; *Packard* v. *New Bedford*, 9 Allen, 200; *Holman* v. *Inhab. of Townsend*, 13 Metcalf, 297; *Reed* v. *Inhab. of Northfield*, 13 Pick. 94; *Fox* v. *Glastonbury*, 29 Conn. 204.

The fact that defendant is negligent does not relieve plaintiff from the obligation of using ordinary care to avoid the

effect of such negligence on defendant's part. Neither has
he the right, because the other has omitted to use due care,
to cease the use of efforts on his part to avoid occasioning
injury to the other or to himself. (*Trow* v. *Vermont Central
R. R. Co.*, 24 Vermont, 487; *Chicago & R. I. R. R. Co.* v.
*Still*, 19 Ill. 499, 508; *Macon & W. R. Co.* v. *Winn*, 19 Ga.
440; *Cotterill* v. *Starkey*, 8 Carr & P. 691; *Stubley* v. *London
& N. W. R. R. Co.*, Law Rep., 1 Exch. 13; *Wilcox* v. *Rome,
W. & O. R. Co.*, 39 N. Y. 358; *Grippen* v. *N. Y. Central Co.*,
40 N. Y. 45, 48; *Cotton* v. *Wood*, 8 Com. Bench, N. S., 568;
*Adams* v. *Lancashire and Yorkshire R. R. Co.*, 4 Law Rep.,
Com. Pleas, 739.)

*McAllister & Bergin*, for Respondent.

The facts show negligence on the part of the defendant.
(*Johnson* v. *Hudson R. R. Co.*, 6 Duer, 635; same case in
Court of Appeals, 20 N. Y. 66; *Gay* v. *Winter*, 34 Cal. 164.)

There was no error in the fifth and sixth instructions.
The verbal criticism on the language of the fifth and sixth
instructions asked by plaintiff, and given by the Court,
scarcely needs comment. True, the plaintiff was not a pas-
senger of the defendant; there was no contract relation
between them, but their relative rights were equally well
determined upon a general principle of law. *Sic utere tuo ut
alienum non lædas.* The measure of care and prudence that
parties, according to this principle, are required to exercise,
is proportioned to the time, place, circumstances, and nature
of the agency in use. (*Johnson* v. *Hudson River R. R. Co.*,
6 Duer, 645; *Wilson* v. *Cunningham*, 3 Cal. 241; *Kinney* v.
*Crocker*, 18 Wis. 80.)

'"The defendant was bound, under the circumstances, to
use the utmost care, and to employ all the usual and well
known means for preventing collisions with and injuries to
persons crossing at that place. The appellant claims that
the defendant was not bound to use the utmost care, but

only ordinary care, and that the degree of care required of the defendant was no greater than that required of the plaintiff. But this cannot be true." (*Fero* v. *The Buffalo and State Line Railroad Company*, 22 New York, 212, 213).

The District Court was correct in charging the jury that in estimating damages they might, among other things, consider the fact, if such fact was proven to their satisfaction, that the plaintiff was a man who had to depend upon his manual labor for a living.

The object of this part of instruction number eleven was not, as suggested by appellant's counsel, "to excite a feeling in the minds of the jury in behalf of the laboring man * * * and needlessly and improperly to enhance the damages." The true and manifest object in calling the attention of the jury to the fact that plaintiff was dependent upon his manual labor, was to give the jury data upon which to estimate the past and prospective loss of plaintiff. (*Caldwell* v. *Murphy*, 1 Duer, 239, 240; *Foot* v. *Tracy*, 1 John. 53; *Lincoln* v. *Saratoga and S. R. R. Co.*, 23 Wend. 425.)

There was no error in the refusal of the tenth instruction asked by defendant. This instruction is, in substance, that if plaintiff could have found sufficient space on Kentucky street, outside of the railroad tracks, in which to have walked, that then his walking on or across the railroad tracks when he knew the cars were running thereon, was of itself conclusive evidence of negligence.

The whole of appellant's argument on this point proceeds on the theory that the railroad tracks along Kentucky street are to be considered as if they were railroad tracks outside of a city, distinct from and not part of the public highway, with certain points for crossing, which crossings are protected in the daytime by a prominent notice and by the ringing of the bell as the train passes, and at night by sta-

tionary lights, the ringing of the bell, and the bright light of the locomotive.

This supposed analogy between a railroad whose bed and track and right of way are the private property of the railroad company, upon and along which the public' have no right of passage, except at special and protected crossings, and a street railroad, cannot be sustained. (*Johnson* v. *Hudson R. R. Co.*, 6 Duer, 637; *Johnson* v. *Hudson R. R. Co.*, 20 New York, 74; *Ernst* v. *Hudson R. R. Co.*, 35 New York, 26, 27, 36; Shearman & Redfield on Negligence, Sec. 491.)

"When a railroad is laid along a highway, travelers have the same right to walk upon it that they would have if the track was not there. If a sufficient sidewalk is provided, walking upon the track may be negligent, simply because walking in the center of an ordinary highway would be. Travelers have a right to ride or drive along the track in such cases, even though there is abundant room in other parts of the road." (*Fash* v. *Third Avenue Railroad Company*, 1 Daly, 149, 151.)

The rule claimed by appellants have been held not to apply even in cases of railroads, which were not street railroads. (*Longmore* v. *The Great Western Railroad Company*, 19 Com. Bench [N. S.], 115 English Common Law, 183.)


By the Court, RHODES, J.:

Many rulings of the Court in the admission or exclusion of evidence are specified by the defendant in the statement on new trial; but we are of the opinion that they are not erroneous.

The defendant objects to the fifth instruction, given to the jury at the request of the plaintiff. The jury were informed by that instruction, that while the defendant has the right to run its cars upon a public street, where the public have an equal right to travel, and where it is presumed they will

travel, it "must exercise such care and precaution for the purpose of avoiding accidents, endangering property or person, as a reasonable prudence would suggest and which it was in their [its] power to employ." The defendant insists that the corporation was required to exercise only the ordinary care of a reasonable person; and contends that the instruction requires a higher degree of care. The rule laid down in that instruction, does not materially differ from the rule contained in the eighth instruction given at the request of the defendant—that the degree of care and skill due by the defendant to the plaintiff, under the circumstances shown in this case, is only that which a skillful and prudent person would ordinarily use under the like circumstances. The difference between a reasonable prudence and the ordinary prudence of a reasonable person, is merely verbal, and does not extend to matter of substance. The degree of prudence required of a party is dependent on the nature of the agency employed, as well as the time, place, and circumstances of its employment. In running a car loaded with earth on a down grade, in the night, with few lights in the immediate vicinity, a reasonable person would exercise a greater degree of care than he would in running a car where it would more readily be controlled, and in the day-time; and such prudence would not, in any respect, fall short of a reasonable prudence. It would be such prudence as a reasonable man would, under such circumstances employ, in order to avoid accidents and injuries to the persons and property of others.

The tenth instruction requested by the defendant and refused by the Court, is to the effect that if there was a roadway in the street, to the west of the railroad track, upon which the plaintiff might have walked, that if the plaintiff knew of such way and failed to use it, that if he knew or had reason to know that he might meet with danger while walking on the railroad track, and still continued to walk thereon until the injury occurred, he was guilty of contribu-

tory negligence. If this be law, then the public have not the same right to travel along a street and every part of it, on foot, or in their own vehicles, that a railroad company has to run its cars along the street; for if a person, while walking or driving along the track of a railroad in a street, is injured by a street car, which was being propelled without any care or prudence, is denied all relief, for the sole reason that he might have walked or driven along the side of the railroad track, then such person has not an equal right with the railroad company to the use of one portion of the street. That construction of the law would virtually give the railroad company an exclusive right to the use of the portion of the street upon which its track was laid. The company, however, as we understand the law, has only an equal right with the traveling public to the use of the street, with some few exceptions not material to the question, which arise entirely from the fact that the cars are designed to run only on the railroad track, such as that when an ordinary vehicle meets a car on its track, it must give way to the car. The company is not authorized to run its cars recklessly, carelessly, or without reasonable prudence, and to answer the person who demands relief for injuries sustained by being run over by its car, that if he had not been on the railroad track, he would not have been injured—that it was contributory negligence on his part, to walk on the track, instead of the space by the side of the track. Such person is authorized to walk on the track, he using reasonable care and prudence to avoid injuries, but he is not required to abandon the track in order to avoid possible injuries, which may result from the carelessness of the company.

The sixth instruction, given at the plaintiff's request, was objected to by the defendant, on the oral argument, on the ground that it ignored the rule that there must be no want of ordinary care on the part of the plaintiff. The jury were fully instructed on the point of contributory negligence on

the part of plaintiff; and it was unnecessary to again repeat it while instructing as to what would amount to negligence on the part of the defendant—that being the point of the sixth instruction.

The defendant excepted to the plaintiff's eleventh instruction, in which the jury were told that in estimating damages they might take into consideration the bodily pain of plaintiff, his loss of time, his permanent disability caused by the injuries, etc., if those facts were proven, "together with the further fact, if such fact is proven to your satisfaction, that he is a man who has to depend upon his manual labor for a living." The defendant, in argument, limits the exception to the last portion of the instruction, that which is above quoted. The plaintiff makes the point, that as the exception went to the whole instruction, and as the instruction contains several propositions, some of which are law, the exception is of no avail.

The plaintiff's objection cannot be sustained. It has been the constant practice of this Court to entertain an exception to an instruction given at the request of one of the parties, though it be composed of several legal propositions. The rule in that respect is not the same as it is in the case of an exception to the charge of the Court. In the latter case the party excepting must point out the portion of the charge to which objection is made; but if a party procures the Court to give an instruction, which is composed of several legal propositions, the opposite party is not required to particularly specify the proposition which he deems objectionable. Whether the distinction be well founded or not, it is sufficient to say that such is the long established practice of this Court.

The proposition that the jury may take into consideration the fact, if it was proven to their satisfaction, that the plaintiff "is a man who has to depend upon his manual labor for a living," cannot be sustained on principle, and is not sup-

ported by any authority which has been brought to our notice. In cases like the one at bar, it is held by some of the authorities that the plaintiff is entitled to show the character and extent of the business in which he was engaged previous to his being injured, together with the incapacity, caused by the injury complained of, to transact such business, so as to enable the jury to arrive at the proper estimate of the damages sustained by means of the injury; but the damages are not in any manner dependent on the wealth or poverty of the plaintiff.

Judgment and order reversed, and cause remanded for a new trial.