### RUNK v. SAN DIEGO FLUME CO. et al.

#### L. A. No. 4; January 29, 1896.

##### 43 Pac. 518.

**Malicious Prosecution.—A Complaint Against a Flume Company** alleging incorporation of defendant; that defendant maliciously had plaintiff arrested and imprisoned, necessitating bail, and tried, on a charge of interfering with its flume meters without authority; that he was tried and duly acquitted; that by these acts he was injured in reputation, and suffered great anxiety, to his damage in a certain sum—sufficiently states a cause of action for malicious prosecution.

APPEAL from Superior Court, San Diego County; E. S. Torrance, Judge.

Action by J. B. Runk against the San Diego Flume Company and others for malicious prosecution. From a judgment for defendants, plaintiff appeals. Reversed.

Aitken & Smith for appellant; McDonald & McDonald and Works & Works for respondents.

VANCLIEF, C.—Action to recover damages for an alleged malicious prosecution. A demurrer to the complaint on the grounds that it does not state a cause of action, that in specified particulars it is uncertain, and that two causes of action are improperly joined therein, was sustained by the trial court; and thereupon, plaintiff declining to amend his complaint, judgment passed for defendants. Plaintiff appeals from the judgment, and contends that the court erred in sustaining the demurrer. The following is a copy of the complaint: "(1) That on the nineteenth day of July, A. D. 1894, the said defendants, contriving and maliciously intending to injure the said plaintiff in his good name and reputation, and to cause him to be imprisoned, falsely and maliciously, and without any reasonable or probable cause therefor, procured and caused plaintiff to be charged before E. J. Ensign, a justice of the peace of San Diego township, county of San Diego, state of California, with the crime of: 'Without authority from the San Diego Flume Company (a corporation), of said county, or any agent thereof, did raise, disturb and open an appurtenance attached to a flume belonging to said San Diego Flume Company, then and there used for the purpose of holding and conveying water for agricultural and domestic uses, and which said appurtenance was so attached to said flume or conduit for the purpose of measuring and controlling water held and conveyed in and by said flume or conduit, and used for said purposes,' and thereupon caused said justice to make out a warrant, in due form of law under his hand, for the apprehension of plaintiff, and falsely and maliciously, and without probable cause therefor, caused plaintiff to be arrested on said charge, and to be imprisoned for two hours, and compelled to give bail in the sum of one hundred dollars ($100) for his release. (2) That on the thirty-first day of July, 1894, at the trial of said cause, the plaintiff was acquitted of said crime, and said prosecution is wholly ended and determined. (3) That by means of which said acts the plaintiff has been greatly injured in his credit and reputation, and brought into public scandal, infamy and disgrace, and has suffered great anxiety and pain of body and mind, to his damage in the sum of

five thousand dollars, and has been forced to lay out and expend the sum of one hundred dollars in procuring his discharge from said imprisonment, and in defending himself. (4) That the defendant San Diego Flume Company is a corporation duly organized under and by virtue of the laws of the state of California, and has its principal place of business at San Diego, California. Wherefore plaintiff demands judgment against said defendants for the sum of five thousand one hundred dollars ($5,100), and all costs of suit." The cause was submitted to this court by written stipulation, "upon the briefs of the respective parties now [then] on file." But there is no brief on file on the part of respondents; and, without aid from counsel for respondents, I have been unable to perceive that the complaint is open to attack upon any ground specified in the demurrer. It seems to state a single cause of action, conformably to the precedents, and with sufficient certainty: 2 Chit. Pl. 555; Work, Prac. & Pl. 211, 212; 1 Boone, Code Pl., sec. 167; 2 Boone, Code Pl., p. 272; Bates, Pl., 550; 2 Greenl. Ev., sec. 449; Townsh. Sland. & L., sec. 420 et seq.; Druex v. Domec, 18 Cal. 83; Eastin v. Bank of Stockton, 66 Cal. 123, 56 Am. Rep. 77, 4 Pac. 1106; Krause v. Spiegel, 94 Cal. 370, 28 Am. St. Rep. 137, 15 L. R. A. 707, 29 Pac. 707. See, also, Pen. Code, sec. 624, under which the alleged prosecution of plaintiff in the justice's court was probably intended. I think the judgment should be reversed and the cause remanded, with direction that the court below overrule the demurrer.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons stated in the foregoing opinion the judgment is reversed and the court below is instructed to overrule the demurrer.