[Civ. No. 259.   First Appellate District.—August 19, 1907.]

## FRANCES H. JOHNSTON, Respondent, v. C. B. BEADLE et al., Appellants.

NEGLIGENCE—INJURY TO PASSENGER—SUPPORT OF VERDICT.—In an action for the alleged negligence of the defendants in the management of a vessel upon which plaintiff was a passenger, causing injury to her, *held,* that the evidence is sufficient to justify the conclusion of the jury that the vessel ran on rocks because of the negligence of the defendant, and that the same was the proximate cause of the injury to the plaintiff.

ID.—EVIDENCE—GENERAL FINANCIAL CONDITION OF PLAINTIFF INADMISSIBLE.—In such action the general financial condition of the plaintiff is irrelevant to the question of special damages claimed by her for loss of time and earnings as a dressmaker, or to any other issue, and evidence thereof was inadmissible.

ID.—EVASION OF PRIOR RULING—IRRESPONSIVE ANSWER—ERROR IN REFUSING MOTION TO STRIKE OUT.—Where the court had sustained an objection to the question ''Are you a woman of means?'' on the ground of its immateriality, but in reply to the question, ''During the period you were a dressmaker, state the means by which you have supported yourself?'' she answered, ''I have no other means or resources,'' such answer was an evasion of the prior ruling, and was not responsive to the question, and it was prejudicial error to refuse a proper motion to strike it out.

ID.—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.—An instruction assuming that plaintiff, upon the happening of a trivial occurrence, brought the injury on herself, was properly refused.   But an instruction on the subject of contributory negligence which was correct in law, and not clearly covered by other instructions of the court, should have been given.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

C. H. Wilson, for Appellants.

Maguire, Lindsay & Wyckoff, and Houx & Barrett, for Respondent.

HALL, J.—Appeal from judgment and order denying defendants' motion for a new trial.

The action was brought to recover damages for injuries received by plaintiff while a passenger on the steamer "Point Arena," and the verdict and judgment were in favor of plaintiff.

While the plaintiff was a passenger on the steamer "Point Arena," voyaging from San Francisco to Little River in Mendocino county, the steamer struck on the rocks near Point Fort Ross, and plaintiff, while attempting to get out of her berth, was thrown or fell to the floor and was injured.

It is insisted by appellants "that there is absolutely no evidence of negligence on the part of the defendants to sustain the verdict and judgment," and also that "the evidence did not show any negligent act on the part of the defendants which was the proximate cause of the injuries complained of."

After a careful examination and consideration of the evidence in the record we are satisfied that neither of these contentions of appellants can be sustained. The evidence is sufficient to justify the conclusion that the vessel ran on the rocks because of the negligence of defendants, and that such running on the rocks was the proximate cause of the injuries to plaintiff; but as we are of the opinion that the judgment and order must be reversed, and the action remanded for a new trial, for reasons hereinafter stated, we do not think it necessary or expedient to discuss in detail the evidence in the record.

The court repeated in substance several instructions on the question of damages. It is not claimed that any of these are not correct statements of the law, but it is urged that the court,

by thus laying stress on the question of damages, led the jury to think that the court believed a verdict should be rendered in favor of plaintiff. But the court in express words cautioned the jury against any such result. It said: "But the jury are not to understand that, because the court instructs them upon the question of damages, it thereby means to convey any intimation that in its opinion the plaintiff is or is not entitled to damages." Besides, an examination of the instructions on the subject of damages discloses that all but one were manifestly intended and so worded as to prevent the jury from giving excessive or unreasonable damages in the event that they gave a verdict for the plaintiff.

We now come to a matter that necessitates a new trial. The plaintiff pleaded special damages through loss of time and earnings as a dressmaker, and at the trial gave evidence in support thereof, to the effect that she had been steadily employed prior to the injury complained of as a dressmaker, and earned at such employment $2.50 per day and her board. She was then asked by her counsel, "Are you a woman of means?" Defendants objected to the question as immaterial, and the court sustained the objection. Thereupon her counsel asked this question: "During the period you have been a dressmaker, state the means by which you have supported yourself," and she answered: "I have no other means or resources." Whereupon counsel for defendants at once moved to strike out the answer as not responsive, and on the ground that her means and resources are immaterial and irrelevant. The court denied the motion, and in so doing, we think, committed error, for which a new trial must be ordered.

The ruling of the court to the first question above quoted was correct. The general financial condition of the plaintiff was immaterial and irrelevant to the question of damages, or to any issue in the case. (*Shea* v. *Potrero etc. Ry.*, 44 Cal. 414; *Malone* v. *Hawley*, 46 Cal. 409; *Green* v. *Southern Pacific Co.*, 122 Cal. 563, [55 Pac. 577]; *Mahoney* v. *San Francisco etc. Ry. Co.*, 110 Cal. 471, [42 Pac. 968].) The answer of the witness (plaintiff) to the second question went beyond the legitimate scope of the question, and put before the jury the fact that she was not only not a woman of means, but had no means or resources other than her earnings as a dressmaker, and was thus a flagrant evasion of the ruling of the court to the first question above quoted.

It is no answer to the contention or to the motion of counsel for appellants to say that he should have objected to the question before it was answered. The answer actually given is not a direct answer to the question put, as would have been such an answer as "I have supported myself by my earnings as a dressmaker." The question put was susceptible of an answer that would have been in accord with the previous ruling of the court. Counsel for defendants were not obliged to assume that counsel for plaintiff was attempting to intentionally get an answer that would contravene the ruling of the court that had just been made any more than we will impute any such purpose to counsel. It was only when the answer had been given that it could be known that it was immaterial and in violation of the previous ruling of the court. The proper practice in such a case is to move to strike out the answer. "When it is apparent from the question that the answer will contain evidence necessarily inadmissible, then a motion to strike out comes too late unless preceded by an objection to the question, but the rule is otherwise where the evidence may or may not be admissible." (*People* v. *Williams,* 127 Cal. 212, [59 Pac. 581]; *People* v. *Lawrence,* 143 Cal. 148, [76 Pac. 893].) The court erred in refusing to strike out the answer "I have no other means or resources."

It is also urged that the court erred in refusing to give two instructions requested by defendants upon the defense of contributory negligence. The first of these instructions, we think, is open to the objection that it assumes that plaintiff, upon the happening of a trivial occurrence, brought the injury on herself, and for that reason was properly refused. It concludes in these words: "The plaintiff had no right, upon the happening of some trivial occurrence, or such an occurrence as would not create fear or apprehension of injury in the mind of an ordinarily prudent person, to bring injury on herself." To say that a person had no right to do a certain thing strongly suggests that such person did do that thing.

The second of these instructions is in these words: "If you find from the evidence in the case that the plaintiff, in attempting to get out of and descend from her berth on the steamer 'Point Arena' at the time complained of, did not act with ordinary care and prudence, and hold and guard herself from falling and injuring herself as a result of any motion of the vessel that might have been expected at the time by an

ordinarily prudent person, and that such want of ordinary
care and prudence contributed to or caused the accident, then
and in that case your verdict must be for the defendant.''

This instruction is correct in its statement of principles of
law, and the only reason suggested by respondent why it
should not have been given is that the court sufficiently in-
structed the jury upon the subject of contributory negligence,
and in substance gave the instruction under discussion.   An
examination of the instructions given upon the subject, how-
ever, discloses that they were all couched in very general
terms, and it is at least doubtful whether they fully cover the
ground of the requested instruction.   Inasmuch as the judg-
ment and order must be reversed for the error heretofore
pointed out, it is sufficient for us to say that it would have
been the better practice to have given the requested instruc-
tion.

The judgment and order are reversed.

Cooper, P. J., and Kerrigan, J., concurred.