[L. A. No. 3013. Department Two.—February 25, 1913.]

## C. V. STORY, Respondent, v. HOWARD GREEN, Appellant.

APPEAL—DISMISSAL—REQUIREMENT AS TO FORM AND ARRANGEMENT OF TRANSCRIPT.—An appeal taken under the alternative method, as provided in sections 953a et seq. of the Code of Civil Procedure, in which the contested points are few and simple, will not be dismissed for the failure of the reporter's transcript to conform to rules 7 and 8 of the supreme court, limiting the size of the paper to be used for that purpose, and requiring a chronological arrangement of the pleadings and proceedings in the transcript.

ID.—ALTERNATIVE METHOD OF APPEAL—PRESENTATION OF TRANSCRIPT TO TRIAL JUDGE FOR APPROVAL—EXTENSION OF TIME FOR SETTLEMENT.—Where the judge who presided at the trial was not a resident of the county in which the action was tried and was not present therein when the notice required by section 953a of the Code of Civil Procedure, was given to the attorneys of the parties informing them that the transcript of the trial was ready for presentation to such judge for his approval, it was a proper method of procedure for such trial judge to indicate a future date when he would be in the county to take up the matter of settling the transcript, and for the presiding judge of the superior court of that county to continue the hearing of the settlement until the day thus indicated.

NEGLIGENCE — PERSONAL INJURIES — EVIDENCE — WEALTH OF DEFENDANT.—In an action to recover the actual damages occasioned the plaintiff for personal injuries received by him from a collision with an automobile negligently driven by the defendant, in which there was neither averment nor testimony tending to establish fraud, oppression, or malice, the plaintiff cannot introduce evidence as to the defendant's wealth. The introduction of evidence upon that subject could only have the effect of prejudicing the rights of the defendant.

ID.—MEASURE OF DAMAGES—ERRONEOUS INSTRUCTION.—The error in admitting such evidence was not cured by a general instruction to the jury in which the proper elements of damage in such a case were enumerated, if the court further specifically instructed them, in the event they found for the plaintiff, that they might in determining the amount of their award, take into consideration the pecuniary condition of the defendant as disclosed by the evidence.

ID.—TESTIMONY BY DEFENDANT RESPECTING HIS PROPERTY—ERROR NOT CURED.—The error in permitting the plaintiff, as part of his case, to question the defendant on the subject of his wealth, was not cured by the fact that the defendant, in opening his own case, took

the stand and gave testimony in his own behalf regarding his property, if such testimony amounted to nothing more than additional cross-examination for the purpose of explaining some of the matters brought out in his examination in chief while he was testifying as plaintiff's witness.

ID.—ERRORS NOT WAIVED BY ABANDONMENT OF APPEAL FROM ORDER REFUSING NEW TRIAL.—Such errors were not waived by the failure of the defendant to perfect his appeal from an order denying his motion for a new trial. They are properly reviewable on an appeal from the judgment.

ID.—REMARKS OF COUNSEL DURING TRIAL—PREJUDICE TO DEFENDANT.— Where one of the counts of the complaint in such action charged that at the time of the accident the defendant was violating a municipal ordinance applicable to the driving of automobiles, and during the trial it appeared that the defendant was a practicing attorney at law, it was improper, and possibly prejudicial, for counsel for the plaintiff to make a remark to the effect that because the defendant was a lawyer, and presumed to know the law, he should be held to a stricter accountability than a layman. The injurious effect of such remark was cured by a statement of the court to the effect that the occupation of the defendant was not a material subject of inquiry.

APPEAL from a judgment of the Superior Court of Los Angeles County. K. S. Mahon, Judge presiding.

The facts are stated in the opinion of the court.

L. E. Clawson, M. M. Meyers, Howard Green, and E. B. Drake, for Appellant.

Swaffield & Mulholland, for Respondent.

MELVIN, J.—Action for damages for personal injuries received by plaintiff, who, while riding a motorcycle, was struck by an automobile driven by defendant. From a judgment against him for the sum of three thousand dollars, defendant appeals.

Respondent moves the dismissal of the appeal upon the ground that the reporter's transcript does not conform to rules 7 and 8 of this court and that the clerk's transcript was not approved within the time prescribed by law. Although respondent's motion to dismiss the appeal has been heretofore heard and denied, it is proper to say here that his objection

is founded principally upon rule 7 as it was before amendment. The transcript was upon paper within the maximum size allowed by that rule. It is objected that the pleadings, proceedings, and transcript are not chronologically arranged in the transcript as required by rule 8. As the contested points on this appeal are few and simple, this fact causes us no inconvenience, and we do not feel that the ends of justice would be subserved by our refusal to consider the transcript. The appeal was taken under the "alternative method" as provided in sections 953a et seq. of the Code of Civil Procedure. Respondent denies the right of a judge to postpone the presentation of a bill of exceptions beyond the time prescribed by section 953a of the Code of Civil Procedure, but we think the contention is without merit. It was shown at the hearing below by the affidavit of a deputy county clerk (which document by direction of the judge was made a part of the transcript) that the Hon. K. S. Mahon, who had presided at the trial and who is not a resident of Los Angeles County, was not within said county when the notice required by law was given to the attorneys informing them that the transcript was ready for presentation to the judge who had tried the case. The affiant communicated with Judge Mahon, who appointed a day upon which he would be in Los Angeles and would take up the matter. The hearing was regularly continued by orders of the presiding judge of the superior court of Los Angeles County until the day thus indicated. This was the lawful and proper method of procedure.

The plaintiff called the defendant as a witness, and over objection examined him with reference to his wealth. This was a case where only actual damages resulting from negligence were alleged. There was neither averment nor testimony tending to establish fraud, oppression, or malice, and appellant insists that in such a case as this plaintiff may recover, if at all, only such an amount as will fairly and reasonably compensate him for the injuries received and the detriment caused to him as a result of the defendant's negligence. It has long been established that the plaintiff may not in such a case introduce proof of his poverty, because the damages are not in any manner dependent upon his financial condition. (*Shea* v. *Potrero & Bay View R. R. Co.,* 44 Cal. 429; *Malone* v. *Hawley,* 46 Cal. 414; *Mahoney* v. *San Francisco &*

*San Mateo Ry. Co.*, 110 Cal. 471, [42 Pac. 968, 43 Pac. 518];
*Johnston* v. *Beadle,* 6 Cal. App. 253, [91 Pac. 1011].) The
rule, it seems to us, is equally applicable to the defendant.
A man's responsibility for his negligence does not depend,
in the slightest degree, upon his wealth, and the introduction
of evidence upon that subject could only have the effect of
prejudicing the rights of the defendant. In *Fox* v. *Oakland
Consolidated St. Ry. Co.*, 118 Cal. 66, [62 Am. St. Rep. 216,
50 Pac. 28], this court, quoting from *Mayhew* v. *Burns,* 103
Ind. 340, [2 N. E. 793], said: "We can discover no principle
upon which it can be determined whether negligence can be
attributed to one in a given case by an inquiry into the state
of his fortune." It is true that in the case under review, the
matter in issue was not the wealth or property of the defend-
ant, but the court was considering the subject of the plain-
tiff's alleged contributing negligence. But the principle an-
nounced is thoroughly applicable to this case. The very rule
for which appellant contends was announced in the instruc-
tive case of *Barbour County* v. *Horn,* 48 Ala. 578, an action
against a county by one who had been injured by a fall from
a defective bridge. After enumerating the elements of dam-
age which may be considered in a case in which no malice,
fraud, oppression, nor gross negligence are pleaded, the court
said: "But the wealth of the defendant or poverty of the
plaintiff has nothing to do with their ascertainment. It was,
therefore, improper to admit evidence of the wealth of the
defendant in the court below to go to the jury, or to refuse
to instruct the jury, when properly requested, that the de-
fendant's wealth could not be taken into consideration in
making up their verdict." In 2 Greenleaf on Evidence, (16th
ed.), section 269, the rule is phrased as follows: "Nor are
damages to be assessed merely according to the defendant's
*ability to pay;* for whether the payment of the amount due
to the plaintiff, as compensation for the injury, will or will
not be convenient to the defendant, does not at all affect the
question as to the extent of the injury done, which is the only
question to be determined. The jury are to inquire, not what
the defendant can pay, but what the plaintiff ought to re-
ceive." The same rule is announced in *Roach* v. *Caldbeck,*
64 Vt. 596, [24 Atl. 989]. But respondent says that the in-
structions cured any possible error in the admission of evi-

dence regarding the defendant's wealth, calling our attention to a general instruction by which the proper elements of damage in a case like this were enumerated. This general instruction could not have served to cure the error because the court instructed the jury as follows:

"You are instructed that in determining the amount of damage, if any, to be awarded to the plaintiff, you have a right to take into consideration the pecuniary condition of the defendant as disclosed by a preponderance of the evidence in this case."

That this instruction was erroneous and that in its tendency it was injurious to defendant can scarcely be doubted.

When defendant opened his case he took the stand and gave testimony in his own behalf regarding his property, and this, according to respondent, was a waiver of the errors discussed above. In support of his position he cites a number of cases, including two Californian authorities—*People* v. *Anderson*, 26 Cal. 132, and *McLeod* v. *Barnum*, 131 Cal. 608, [63 Pac. 924], neither of which is in point. One was a case in which a defendant waived the error committed by the court in placing his wife on the stand without his consent, as a witness against him, by calling her in his own behalf. In the other case, after one witness had testified without objection to the contents of a letter, another gave testimony upon the same subject without preliminary proof of the loss of the written instrument. The court held that the evidence was immaterial but if it has been the admission of the testimony without any objection was a waiver of the error. In this case the examination of the defendant in his own behalf amounted to nothing more than additional cross-examination for the purpose of explaining some of the matters brought out in his examination in chief while he was testifying as plaintiff's witness. The testimony quoted in respondent's brief, which was given by defendant in his own behalf, was directed not to the *amount* of his property, but to the *character* of his interest therein. This was practically but a continuation of his cross-examination.

There is no merit in the contention that the errors discussed above were waived by the failure of appellant to perfect his appeal from the order denying his motion for a new trial. They are properly reviewable in an appeal from the judgment.

During the cross-examination of the defendant he was asked by a juror if he were a practicing lawyer, and having stated his occupation to be that of an attorney at law he was asked further questions about his practice.   The court, interrupting the cross-examination, said: "You do not hold that because he is a lawyer he is held to be more accountable than anybody else."   To this remark counsel replied: "Yes, I claim it is a natural presumption that a lawyer is presumed to know more of the law than an ordinary layman."   Inasmuch as one of the counts of the complaint charged that at the time of the accident the defendant was violating a municipal ordinance this remark might have been prejudicial to him, because naturally a lawyer is no more charged with knowledge of the ordinances of a great city like Los Angeles applicable to automobiles than is any other person who acts as a driver of such a vehicle.   But the remark of the court immediately following counsel's statement was probably sufficient to overcome any injury which might have resulted from an erroneous and uncontradicted declaration of the law.   The court said: "He is not on trial for his knowledge of the law."   The two statements of the court quoted above must have apprised the jurors of the true rule that the occupation of the defendant was not a material subject of inquiry.   As the case must be reversed for other reasons it is not necessary to discuss this matter further.   As counsel for respondent admits that his statement (which we have quoted) was "one which would have been much better unsaid" there will doubtless be no repetition of it at another trial.

The judgment is reversed.

Henshaw, J., and Lorigan, J., concurred.