[Civ. No. 9429. Second Appellate District, Division One.—November 5, 1934.]

ELIZABETH HELEN COMBES, Respondent, v. GORDON C. BOND et al., Appellants.

Cruickshank, Brooke & Evans and James B. Boyle for Appellants.

Paul Blackwood and Bingham Gray for Respondent.

THE COURT.—This is a motion to dismiss the appeal from a judgment rendered by the trial court pursuant to a verdict returned by a jury for the sum of $10,000 in favor of plaintiff. The ground of the motion is "that said appeal was taken for delay only and that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument".

In substance, the points presented by appellants are that the evidence was insufficient to sustain the implied findings made by the jury either that defendant was guilty of negligence, or that plaintiff was not guilty of contributory negligence; that the damages awarded by the jury were excessive; and that ''the decision is against law''.

Without reviewing the evidence, it may suffice to state that from the several statements of fact that appear in appellants' brief, it becomes apparent that, both on the question of negligence of the defendants and on the question of the contributory negligence of plaintiff, the evidence adduced by the respective parties was conflicting one with the other, but that sufficient substantial evidence was presented on the trial of the action to justify the jury in reaching its conclusion of which appellants complain. Nor do we find that the evidence, which the jury was authorized to conclude was true, presented a situation which requires this court to decide that the ''decision is against law''. In other words, the evidence was sufficient, both in law and in fact, to warrant the rendition of the judgment.

On the question of excessive damages, although the amount awarded by the jury may appear to be large, nevertheless, considering the injuries that, according to the testimony of plaintiff and her witnesses, were sustained by the former, the compensation allowed to plaintiff well may be within the bounds of reason. At any rate, the damages are not so large that the amount thereof causes an abiding impression that the verdict therefor was the result of passion or prejudice on the part of the jury.

It follows that the motion to dismiss the appeal should be granted. It is so ordered. The appeal is dismissed.