[Civ. No. 11674.   Second Appellate District, Division Two.—February 2, 1938.]

LEA B. BRADFORD, Respondent, v. LEONARD MAULLIN, Appellant.

Raymond G. Stanbury and Charles H. Goebel for Appellant.

Joseph A. Spray for Respondent.

McCOMB, J.—This is a motion to dismiss the appeal from a judgment in favor of respondent for the sum of $1500 after trial by the court without a jury. The motion is made in accordance with the provisions of section 3, rule V, Rules for the Supreme Court and District Courts of Appeal of the State of California, which reads in part as follows:

"At any time after the filing of the opening brief of an appellant in a civil action, the respondent may, upon due notice, move for a dismissal of the appeal or an affirmance of the judgment or order on the ground that the appeal was taken for delay only or that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. . . ." (213 Cal. xliii.)

Viewing the evidence most favorable to plaintiff, the material facts are these:

Diagram of the Intersection Where the Accident Hereinafter Described Occurred.

September 20, 1936, respondent was driving her coupe in a southerly direction on Vine Street just north of where it

intersects Santa Monica Boulevard in the city of Los Angeles. She brought her car to a stop before entering the intersection. Thereafter while she was proceeding through the intersection at a speed of about ten miles per hour the left rear of her car was struck by the left front of an automobile being driven by appellant in a westerly direction on Santa Monica Boulevard. Respondent's automobile was overturned and came to rest approximately forty feet from the point of impact of the two cars. As a result of the accident plaintiff suffered personal injuries.

Appellant relies for reversal of the judgment on the proposition that *since respondent's automobile traveled approximately forty feet after the collision, the testimony that respondent made a boulevard stop before entering Santa Monica boulevard was untrue and therefore she was guilty of contributory negligence.*

This proposition is untenable. An examination of the record discloses that two witnesses testified respondent brought her automobile to a stop before proceeding to cross Santa Monica Boulevard. This testimony and the court's implied finding of fact that defendant had made a boulevard stop at the intersection are entirely consistent with the undisputed testimony that the automobile in which respondent was riding traveled a distance of forty feet from the point of collision before coming to rest. The trial court from the evidence may have very properly believed that the failure of respondent's automobile to stop within forty feet from the point of collision was due to the impetus it received when struck by the car operated by appellant.

Our examination of the record discloses that the questions raised on this appeal are so unsubstantial as not to require further argument. Therefore, pursuant to the provisions of section 3, rule V, Rules for the Supreme Court and District Courts of Appeal, *supra* (*Combes* v. *Bond,* 1 Cal. App. (2d) 743 [37 Pac. (2d) 195]), the motion to dismiss the appeal is granted.

The appeal is dismissed.

Crail, P. J., and Wood, J., concurred.