[Civ. No. 11884.   Second Appellate District, Division Two.—August 20, 1938.]

PETE ZAFERIS, Appellant, v. JACK BRADLEY et al., Respondents.

Dempster & Dempster and J. H. Creighton for Appellant.

Hugh B. Rotchford for Respondents.

McCOMB, J.—This is a motion to affirm a judgment in favor of respondents after trial before a jury in an action to recover damages for personal injuries.

The motion is made in accordance with the provisions of rule V, section 3, Rules for the Supreme Court and District Courts of Appeal (213 Cal. xliii), which reads in part as follows:

"At any time after the filing of the opening brief of an appellant in a civil action, the respondent may, upon due notice, move for a dismissal of the appeal or an affirmance of the judgment or order on the ground that the appeal was taken for delay only or that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. . . . "

Viewing the evidence most favorable to appellant, the material facts are:

June 19, 1936, respondent Bradley was driving an automobile owned by respondent Maryland Casualty Company in a westerly direction on Wilshire Boulevard approaching McCadden Place in the city of Los Angeles. Just prior to the time of the accident hereinafter described he was approximately 25 feet east of the latter street and appellant's automobile, also traveling west on Wilshire Boulevard, was about 25 feet to the rear of the car being operated by respondent Bradley. Respondent Bradley started to make a turn to the north onto McCadden Place, whereupon appellant jammed his

foot on the brake of his car and turned sharply to the right. His foot slipped from the brake and caught between the accelerator and brake pedal. The two automobiles then collided, no damage being done to either car.

Appellant claims that as a result of the accident his knee was injured.

Appellant relies for reversal of the judgment on these propositions:

*First: The trial judge committed prejudicial error in instructing the jury as follows:*

1) *"You are instructed that in arriving at your verdict you are not to consider the financial circumstances of the plaintiff or defendant whether they may be rich or poor. This is a matter of no concern to you and should not be considered in your deliberation. The fact that Maryland Casualty Company, one of the defendants in this case, is an insurance company should in no way influence you in reaching your verdict. Your verdict in order that it may be a true verdict must be based solely upon the evidence in this case and upon the instructions of the Court and not on passion, prejudice, pity or sympathy."*

2) *"You are instructed that an unavoidable accident is one that occurs while all parties are exercising ordinary care and if you shall find from the evidence that both plaintiff and defendant Jack Bradley were exercising ordinary care at the time of the accident, you shall find that the accident was unavoidable and render your verdict in favor of the defendants Jack Bradley and Maryland Casualty Company."*

3) *"You are instructed that it is entirely immaterial in this case whether defendant Bradley signaled for a right-hand turn or not, as under the evidence in this case there would be no relationship between his signaling or failing to signal and the happening of the accident."*

*Second: The trial judge committed prejudicial error in refusing to instruct the jury as follows:*

1) *"WHEN SIGNAL REQUIRED.*

*(a) No person shall turn a vehicle unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided herein, in the event that other vehicles may be affected by such movement.*

*(b) Any signal of intention to turn right or left shall be given continuously during the last fifty feet traveled by the vehicle before turning.*

*(c) No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."*

*2) "If you find from the evidence that the defendant Bradley, before attempting to make a right turn at the scene of this accident, failed to indicate his intention so to do by any sign that he intended to make a right turn, then, if you find that he did not give the sign continuously for fifty feet before starting to make the turn, I instruct you that the defendant would be guilty of negligence, and if such negligence proximately caused the accident without negligence on the part of the plaintiff, then I instruct that the plaintiff is entitled to damage from the defendants for whatever damage he has received by reason of said accident."*

*Third: In denying appellant's motion for a new trial the trial judge did not use his independent judgment as to whether or not the verdict was supported by substantial evidence.*

█ The first and second propositions are untenable. The instruction set forth in paragraph 1) of appellant's first proposition was a correct and accurate statement of the principle of law therein contained. (*Green* v. *Southern Pac. Co.*, 122 Cal. 563, 564 [55 Pac. 577]; *Mahoney* v. *San Francisco etc. Ry. Co.*, 110 Cal. 471, 476 [42 Pac. 968, 43 Pac. 518]; *Ensign* v. *Southern Pac. Co.*, 193 Cal. 311, 321 [223 Pac. 953]; *Story* v. *Green*, 164 Cal. 768, 770 [130 Pac. 870, Ann. Cas. 1914B, 961]; *Johnston* v. *Beadle*, 6 Cal. App. 251, 253 [91 Pac. 1011].)

█ The instruction set forth in paragraph 2) of appellant's first proposition was likewise a correct and accurate statement of the rule of law set forth therein. (*Sitkei* v. *Ralphs Grocery Co.*, 25 Cal. App. (2d) 294 [77 Pac. (2d) 311].)

█ The instruction set forth in paragraph 3) of appellant's first proposition was correct. From the uncontradicted testimony of appellant (plaintiff) the accident was

caused by his foot slipping from the brake and becoming stuck on the accelerator of the car which he was driving. Therefore, it is evident that, whether or not defendant gave the signal as required by section 544 of the Vehicle Code, it was entirely immaterial when applied to the facts of the instant case, since it was not a proximate cause of the accident.

For the reason just set forth the trial judge properly refused the instructions set forth in appellant's second proposition.

Appellant's final contention is entirely without merit. There is nothing in the record, including the trial judge's memorandum decision* on denying the motion for a new trial, to indicate that he did not perform his duty by weighing the evidence to determine whether the verdict of the jury was or was not supported by substantial evidence.

Our examination of the record discloses that the questions raised on this appeal are so unsubstantial as not to require further argument. Therefore, in conformity with the provisions of rule V, section 3, Rules for the Supreme Court and District Courts of Appeal, *supra* (*Combes* v. *Bond,* 1 Cal. App. (2d) 743 [37 Pac. (2d) 195]; *Bradford* v. *Maullin,* 24 Cal. App. (2d) 687 [76 Pac. (2d) 162]) the motion to affirm the judgment is granted.

The judgment is affirmed.

Crail, P. J., concurred.

---

*"MEMO OF DECISION ON MOTION FOR A NEW TRIAL.

"I cannot think that the jury found that the plaintiff was not negligent, but am of the opinion that they found negligence on the part of both plaintiff and defendant, and I cannot say that the evidence does not support such findings. So far as the injuries were concerned, they might well have decided that the injuries were not the result of the accident, but that the injury to plaintiff's knee occurred when he stepped down from the car when he reached the cafe, at which time his knee locked. The cook who spoke to him there testified that plaintiff told him that he didn't know whether he hurt it when he got out of the car or at the accident.

"The motion for a new trial is denied.

"January 7, 1938.

"HARRY R. ARCHBALD,
"Judge."