[Civ. No. 13720.   Second Dist., Div. Three.   Dec. 19, 1942.]

HILDEGARDE FLANTON, Respondent, v. ROY S. GREEN-
FIELD, Appellant.

Spray, Davis & Gould for Appellant.

Earl Malmrose for Respondent.

SCHAUER, P. J.—This automobile collision case was
tried without a jury and plaintiff recovered judgment in the
sum of $2,500 for personal injuries. Defendant appeals from
the judgment and urges only one ground for reversal; viz.,
that the award is excessive.

Viewing the evidence in its aspects most favorable to
sustaining the judgment (2 Cal.Jur., § 515, p. 880; *Nunziato
v. Prout,* (1930) 104 Cal.App. 573, 576 [286 P. 455, 287 P.
366]; *Macart v. San Joaquin B. & L. Assn.,* (1941) 45 Cal.
App.2d 395, 398 [114 P.2d 395]; *Dell v. Hjorth,* (1942) 51
Cal.App.2d 576, 578 [125 P.2d 505]; *De La Motte v. Rucker,*
(1942) 55 Cal.App.2d 226, 229 [130 P.2d 444]; *Signorelli
v. Miller,* (1942) 55 Cal.App.2d 538, 542 [130 P.2d 730])
the facts hereinafter narrated are established. At the time
of the accident (about 11:00 p. m., May 10, 1941) plaintiff
was a front-seat passenger in an automobile which was struck
from the rear by a car driven by defendant. Plaintiff was

a woman 29 years of age. She was about three months' pregnant, otherwise in good health. The shock of the collision caused her to fall from the seat to the floor of the car. She suffered injuries to her back, legs, knees, and abdomen. She was taken home and a physician examined and treated her within approximately two hours after the accident. The doctor testified that he found "that she was suffering from pain in her back, radiating down her side, and she had a tender abdomen on the lower part of the pelvis, and upon examination I found that she was oozing a little bit, and I found an abrasion of her right knee, and some stiffness of the muscles of the back. I ordered her to stay in bed, and I gave her a hypodermic of morphine. . . ."

Plaintiff remained in bed about two weeks and under the doctor's care for about six weeks. About one week after the accident she began to flow more extensively. She suffered intense pain, fainted, and sustained a miscarriage. By way of treatment for the miscarriage she underwent a curettement of the womb. This was plaintiff's first pregnancy. She had consulted her physician regarding her condition shortly before the accident and appeared glad when informed she was pregnant. She was weak and nervous after the curettement and was still nervous eight months after the accident.

The trial judge has twice appraised the damages depicted by the above epitomized evidence; once at the conclusion of the trial and again on the motion for a new trial. It was peculiarly his province so to do. It is not within our province to disturb the award unless it clearly appears that the amount is so flagrantly outrageous and extravagant as to immediately suggest that it is a product of passion, prejudice, or corruption, rather than the fair judgment of an informed and reasonable being. (See *Brandes* v. *Freitas,* (1931) 116 Cal.App. 459, 465 [2 P.2d 830]; *Rowe* v. *Rennick,* (1931) 112 Cal.App. 576, 585 [297 P. 603]; *Mondine* v. *Sarlin,* (1938) 11 Cal.2d 593, 599 [81 P.2d 903]; *Hale* v. *San Bernardino etc. Co.,* (1909) 156 Cal. 713, 715 [106 P. 83]; see, also, *Deevy* v. *Tassi,* (1942) 21 Cal.2d 109, 120, 121 [130 P.2d 389].)

It does not require consideration of the case of *Easton* v. *United Trade School Con. Co.,* (1916) 173 Cal. 199 [159 P. 597, L.R.A. 1917A, 394], in which an award of $5,000 for injuries, substantially similar to those of plaintiff here, was

sustained, to bring us to the conclusion that no abuse of discretion appears and that on the contrary the evidence reviewed supports the judgment.

The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurred.