[Civ. No. 16468. Second Dist., Div. Two. Nov. 24, 1948.]

GERMAINE PERBOST, a Minor, etc., et al., Appellants, v. SAN MARINO HALL-SCHOOL FOR GIRLS et al., Respondents.

Clyde C. Shoemaker for Appellants.

Sidney A. Moss and Henry F. Walker for Respondents.

MOORE, P. J.—Plaintiffs appeal from a judgment denying recovery of damages for personal injuries. Twelve-year-old Germaine Perbost is joined as coplaintiff by her guardian *ad litem.*

At the time of the injury Germaine was attending respondents' private school. Ingress to and egress from its premises was along a narrow paved walk elevated about 2 feet above and parallel to a driveway. Students used the driveway and the walk in going to and from classes and the school dormitory. On May 22, 1945, while running to overtake other children Germaine (hereafter called plaintiff or appellant) jumped from the elevated walk onto the driveway, fell and sustained grievous bodily injuries. It was alleged that accumulations of automobile oil and grease on the driveway had created a dangerous condition known to respondents; that appellant slipped on the oily surface sustaining injury, and that the permitted continuance of the condition constituted respondents' negligence.

Respondents proved by their gardener that on the day preceding plaintiff's accident he cleaned the entire driveway with cleaning solvent; that on the 22d he washed it with water; that he passed over it six times that day and observed there was no oil or grease on it. Also, defendants Wood testified that there was no oil or grease on the driveway where plaintiff fell, none on her clothing after she fell and that they had never heard her prior to the trial say that she had slipped and fallen in some grease. Mrs. Wood testified that immediately after the accident plaintiff said: "I have no one to blame but myself; my mommie told me not to wear these shoes; they are too big for me." She told Mrs. Wood that in endeavoring to overtake the girls she had run down the drive and up to the ledge; that in attempting to jump with her right foot on the lower step and her left on the driveway, she missed the step and fell. The medical proof shows that the shaft of the tibia suffered a long diagonal fracture,

an eighth of an inch of spreading of the fracture lines and a long diagonal fracture of the lower end of the fibula. Such evidence might reasonably be interpreted as the result of a jump rather than of a fall while walking. Although there was contradictory testimony concerning the surface of the driveway the evidence of defendants was adopted by the jury and judgment was entered on their verdict. Appellants now demand a reversal upon the sole ground that certain instructions were prejudicial.

The court's entire charge consists of 30 printed pages and of 68 separate instructions. Appellants have assigned six thereof as prejudicial, and for discussion designated them A, B, C, D, E and F. Thirty-seven pages of their opening brief are devoted to A and B, eight pages are occupied with the remaining four.

### INSTRUCTION A

 "The mere fact that you may find there was oil or grease on the driveway, if you should find this to be the fact, and that plaintiff slipped and sustained injuries by reason thereof, is not in itself alone any evidence of negligence on the part of the defendants."

Appellants criticize this instruction as prejudicial in that it is an invasion of the province of the jury. To sustain their contention they quote from *Keller* v. *Pacific Tel. & Tel. Co.*, 2 Cal.App.2d 513 [38 P.2d 182]. That decision does not support them. Keller alleged that the telephone company had erected and maintained a decayed pole. Despite a condition which rendered the pole a peril to people the court instructed the jury that the maintenance "of this very pole" as a matter of fact did not constitute negligence, and therefore did not entitle the plaintiff to recover damages. Such instruction was clearly a usurpation of the jury's functions to determine an important question of fact. "The vital question for the jury to determine was whether the defendant knowingly maintained a pole in such decayed and weakened condition that a reasonably prudent person should have known it was dangerous to persons or property." The instruction was erroneous because it was "equivalent to informing the jury that the evidence was insufficient to support the plaintiff's charge of negligence." (*Ibid.*, 522.) In the instant case instruction A merely cautioned the jury that it could not find defendants to have been negligent from evidence which if considered alone did not as a matter of law constitute negligence, but that defendants' negligence must be determined from a considera-

tion of all the evidence. ■ The virtue of one instruction cannot be determined by extracting it from the context of the entire charge to be criticized as if it alone were given. If read in conjunction with the many other instructions pertaining to respondents' negligence instruction A readily appears not to constitute error at all. ■ The court is not required to state all the law in any one instruction. ■ The correctness of all the instructions given in a cause can be determined only by such reasonable construction as will enable a judge to ascertain their probable effect upon the jury in the light of the issues raised by the pleadings. (*Guay* v. *American President Lines*, 81 Cal.App.2d 495, 513 [184 P.2d 539].)

■ Where the court's entire charge has fully and fairly instructed on all of the basic issues involved, minor errors in a single instruction could not possibly have been prejudicial. (*Ibid.*) ■ Unless upon a consideration of the entire case, including the evidence, it appears that the error complained of has resulted in a miscarriage of justice, a judgment will not be reversed by reason of an erroneous instruction. (*Shuey* v. *Asbury*, 5 Cal.2d 712, 713 [55 P.2d 1160].) ■ The burden is upon appellant to demonstrate that prejudice resulted from an error, and that such error justifies a reversal. Prejudice is never presumed. (*Semple* v. *Andrews*, 27 Cal.App.2d 228, 235 [81 P.2d 203].) ■ In considering an instruction assigned as prejudicial the reviewing court must adopt such construction thereof as will support the judgment rather than one that will defeat it, if the one adopted is susceptible of such interpretation. (*Mullanix* v. *Basich*, 67 Cal.App.2d 675, 681 [155 P.2d 130].) An examination of all the court's instructions in the instant case, in the light of the foregoing principles discloses that the jury were fully and fairly instructed on all the basic issues involved, and that minor errors if any could not possibly have been prejudicial.

Instruction A is not erroneous. If a court may instruct that an existing fact, if found, establishes negligence as a matter of law (*Clinkscales* v. *Carver*, 22 Cal.2d 72, 74 [136 P.2d 777]). Why should it be error for the court to instruct that the existence of particular facts do not constitute negligence? Juries are frequently instructed that mere proof of an accident or plaintiff's mere injury does not in itself alone prove negligence. (*Diamond* v. *Weyerhaeuser*, 178 Cal. 540, 542 [174 P. 38]; *Sutera* v. *Palmieri*, 79 Cal.App.2d 359, 361 [180 P.2d 414]; *Farmer* v. *Fairbanks*, 71 Cal.App.2d 70, 80

[16? P.2d 26].) By other instructions the jury were told to "consider all the evidence bearing upon" negligence, proximate cause and contributory negligence and not to emphasize a single sentence or instruction and ignore others, but to weigh all and each in the light of the others. These and other conventional instructions warned and guided the jury correctly.

## INSTRUCTION B

 "The burden of proving negligence is upon the plaintiff. The mere happening of the accident does not shift to the defendants the burden of proving that the accident did not occur through their negligence. On the contrary, the legal presumption is that reasonable care was exercised by plaintiff and defendants.

"Before you can find that the defendants were guilty of any negligence in connection with there being any oil or grease on the driveway, if you believe there was any oil or grease on the driveway, you must first find from a preponderance of the evidence as to one of three things:

"1. That the accident was occasioned by a condition which had been created by the defendants, or their agents or employees, or,

"2. That the accident was occasioned by a condition which was actually known to the defendants, or their agents or employees, or

"3. That the oil or grease if any was permitted to remain on the driveway for such a space of time before the occurrence of the accident as would have charged the defendants with notice of this condition and afforded them an opportunity to clean it up.

"In the absence of proof of either of these facts, by a preponderance of the evidence, your verdict must be in favor of the defendants."

This instruction, like A, deals exclusively with the negligence if any of the defendants. Negligence of an occupier of land derives from a breach of the duty which he owes to those whom he invites upon his premises. (Rest. Torts, §§ 343-351.) He is not, of course, an insurer but must do what a careful and prudent man would do under the circumstances. If the premises are kept in a reasonably safe condition he is not negligent. In the instant case the mere presence of oil or grease on respondents' driveway would not necessarily have indicated an unsafe condition. Only an unreasonable accumulation of grease or oil might indicate a condition from which the jury could reasonably find negli-

gence; but such a finding would of necessity be made from a consideration of all the evidence (1) as to the amount of grease and oil, (2) as to the extent and degree of hazard created thereby, and (3) as to the frequency and thoroughness of respondents' cleaning operations. Such consideration was not precluded by instruction A for contrary to the contention of appellants that instruction expressly stated that the *"mere fact"* of the presence of oil *"is not in itself alone"* evidence of negligence. The meaning of instruction A is amplified by instruction B.

Appellants contend that instruction B in effect charged the jury "that it was incumbent upon plaintiffs to prove all of the facts mentioned in said subparagraphs 1, 2 and 3, otherwise their verdict should be in favor of the defendants." This is contrary to the express language of that instruction, to wit: "You must first find from a preponderance of the evidence as to one of three things: 1 . . . 2 . . . 3 . . ." The three limitations were that respondents must either have created the condition, known of it, or should have known of it. Unless one of these situations could be found to have existed, respondents could not be found negligent. ▇ The owner of premises is not an insurer of the safety of his invitees. He becomes liable for their injuries suffered on his property solely by reason of his superior knowledge of the existing danger to invitees who may enter his grounds while in ignorance of the peril. If he is also ignorant both actually and constructively of the danger, he is not liable. (*Dingman* v. *A. F. Mattlock Co.*, 15 Cal.2d 622, 625 [104 P.2d 26]; *Mautino* v. *Sutter Hospital Association*, 211 Cal. 556, 560 [296 P. 76].) ▇ Of course if an owner knowingly permits oil and grease dropped by himself or another to remain on his driveway for such a period of time as would enable a reasonably prudent person to discover and remove it, and if its quantity is such as to create a danger to persons walking there, then such owner is liable for injuries caused thereby to his invitees. He is required to use only ordinary care for their safety. (*Crawford* v. *Pacific States Savings & Loan Co.*, 22 Cal. App.2d 448, 449 [71 P.2d 333]; *McKellar* v. *Pendergast*, 68 Cal.App.2d 485, 489, 491 [156 P.2d 950].) ▇ Therefore, in order to warrant a finding of negligence on the part of respondents it was essential that the jury find from the evidence that respondents either caused the danger, or that it was caused by a condition of which they knew, or that its continued existence over a period of time was long enough

reasonably to impart knowledge to respondents. Nothing more was meant by instruction B. It was neither prejudicial nor erroneous.

The other four instructions* criticized are attacked on the ground that they injected into the deliberations of the jury the element that the negligence of some third party might have been responsible for plaintiff's fall, or that the cause thereof might have been attributable to unknown factors, or that it was an unavoidable accident. Many cases are cited in which similar instructions were on appeal held to be erroneous but in each instance the prejudicial nature of the instruction derived from the evidence involved in the particular action. But such a contention does not register with reference to the four instructions here under criticism. The possibility that the proof might establish that either appellants or respondents were negligent, or that neither was negligent necessitated instructions upon each contingency. None of the four instructions read in conjunction with the

---

* C
''(Given as requested by the Defendant:)
''You are instructed that if you believe from the evidence that neither the plaintiff nor the defendants, or their agents or employees, were guilty of negligence, but that the injuries sustained by the plaintiff were the result of the negligence of some third party, then your verdict must be in favor of the defendants.''
 D
''(Given as requested by the Defendant, as modified:)
''You are instructed that the defendants are not required to prove what caused the accident, and if you cannot find from the evidence the cause or if such cause is unknown and has not been shown by a preponderance of the evidence, then and in that event your verdict must be in favor of the defendants.''
 E
''(Given as requested by the Defendant:)
''In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution still, no one may be held liable for injuries resulting from it.''
 F
''(Given as requested by the Defendant:)
''General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it, and that when he listens, he hears that which is clearly audible. When there is evidence to the effect that one did look, but did not see that which was in plain sight, or that he listened, but did not hear that which he could have heard in the exercise of ordinary care, it follows that either there is an irreconcilable conflict in such evidence or the person was negligently inattentive.''

entire charge and in the light of all the evidence prejudiced appellants. (See *Wilkerson* v. *Brown,* 84 Cal.App.2d 401, 408 [190 P.2d 958]; *Dodds* v. *Stellar,* 77 Cal.App.2d 411, 426 [175 P.2d 607]; *Kelley* v. *City and County of San Francisco,* 58 Cal.App.2d 872, 877 [137 P.2d 719]; *La Branch* v. *Scott,* 82 Cal.App.2d 1, 9 [185 P.2d 823].)

Finally, inasmuch as the record discloses (1) that there was abundant evidence to support the implied findings of the jury and (2) that an examination thereof shows that none of the instructions assigned as prejudicial resulted in a miscarriage of justice, it would be error to disturb the judgment. (Const., art. VI, § 4½.)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 20, 1949.

