[Civ. No. 18292.   Second Dist., Div. Three.   Nov. 7, 1951.]

DOROTHY MAY SMITH et al., Respondents, v. PHILIP MORRIS COMPANY, INC., LTD. (a Corporation) et al., Appellants.

Elbert E. Hensley for Appellants.

Dryer, Stephens & Lagerlof, Stanley C. Lagerlof and H. Melvin Swift, Jr., for Respondents.

SHINN, P. J.—In a trial without a jury plaintiffs, husband and wife, recovered judgment for $5,000 general damages and $550.10 special damages for injuries suffered by Mrs. Smith in an automobile accident. Philip Morris Company, Inc., Ltd., a corporation, and Clemens F. Soeller, respectively the owner and driver of a light panel truck which struck the car of plaintiffs, appeal.

The grounds of appeal are (1) insufficiency of the evidence, (2) the alleged miscarriage suffered by plaintiff wife was not proximately caused by the accident, (3) negligence of the husband, imputable to the wife, was the sole cause, or at least a proximate cause, of the accident, and (4) the damages were excessive.

According to plaintiffs' witnesses the Smith car, owned by Mrs. Smith and driven by her husband, was traveling north on Figueroa Street approaching 47th Street, in the lane next to the double lines in the center of the street of a six-lane highway. Carolyn Allen, Mrs. Smith's daughter, was a passenger. The time was 7:45 a.m., traffic was heavy, there were five or six cars ahead of the Smith car, all traveling about 25 or 30 miles an hour. Mr. Smith observed the cars ahead of him slowing down and he slowed down also by taking his foot off the accelerator, but not by applying his brakes, until the car in front of him stopped, when he also stopped his car. He had been slowing down for a distance of 75 or 100 feet. After he came to a stop he saw in his rearview mirror defendants' truck approaching; he braced himself for an impact, set his brakes hard, his car was struck by defendants' truck and driven into the car which was about four feet ahead of him. His car was facing straight ahead, the left rear portion had been struck by the truck which stopped a little to the west, facing at an angle. Mr. Smith did not hold out his hand or give any signal of his intention to slow down or stop.

Appellants' argument of insufficiency of the evidence stresses the claimed contributory negligence of Mr. Smith.

It proceeds from the fact that Mr. Smith did not give a signal preliminary to stopping his car. Section 544c of the Vehicle Code provides: "No persons shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." Mr. Smith testified that he made a gradual stop "between 75 and 100 feet slowing to a stop," and that he did not stop suddenly. In this he was corroborated by the testimony of Carolyn Allen, who testified that immediately preceding the collision the Smith car was slowing down, not suddenly, but slowly. If Mr. Smith did not stop or decrease his speed suddenly he was not required by section 544c to give a signal to drivers who were following.

Defendant Soeller testified that he was following about a car length behind and that Smith made a sudden stop. The conflict in the versions of the two drivers was one exclusively for the trial court. The court evidently believed Smith brought his car to a stop gradually. And again, if the court had believed that Smith suddenly stopped his car, there would be a question whether he had an opportunity to give a signal, and this would be a question of fact and not of law. If he made a gradual stop he had a right to believe that those who were following him would do likewise. The question of Mr. Smith's negligence was so clearly one of fact, and the finding in his favor so firmly supported by the evidence as to require no further discussion. If Mr. Smith was not guilty of negligence it was a reasonable conclusion that defendant Soeller was negligent in failing to observe the progress of the Smith car and to keep his own vehicle under control.

Two days after the accident Mrs. Smith felt approaching illness and soon thereafter began to suffer from heavy dizziness, severe headaches and other bodily pains; she took to her bed, called a physician, was treated but did not get any better. Between two and three weeks after the accident she suffered a miscarriage. She testified that when the collision occurred the impact threw her back against the seat and forward violently. Her physician, who had attended her for several years and attended her after the accident, related her medical history, particularly described her condition and symptoms after the accident, testified that she suffered a miscarriage and expressed the opinion that the injuries described by her would cause a miscarriage. He also took into consideration his knowledge of her general condition.

Another physician, testifying for the defendants, had examined Mrs. Smith and questioned her. He testified: "I do not feel that the amount of trauma that was introduced or described to me by the patient could have been the exciting cause as to this abortion." When questioned as to whether in his opinion it was a contributing factor, he answered: "It was, yes." There was sufficient medical testimony to prove that the miscarriage resulted from the accident.

An award of $5,000 for injuries causing a miscarriage, with its attendant pain and suffering mental and physical, is not excessive. The point is not debatable. (*Easton* v. *United Trade School Con. Co.* (1916), 173 Cal. 199 [159 P. 597, L.R.A. 1917A 394]; *Flanton* v. *Greenfield* (1942), 56 Cal.App. 2d 253 [132 P.2d 64].)

The judgment is affirmed. The attempted appeals from orders denying motions for nonsuit and a new trial are dismissed.

Wood (Parker), J., and Vallée, J., concurred.