[Civ. No. 21987. Second Dist., Div. One. Dec. 14, 1956.]

LUCIA KAICHEN, Appellant, v. VICTOR P. SHOWERS, Respondent.

Brock, Easton, Fleishman & Rykoff and Stanley Fleishman for Appellant.

H. T. Ellerby and Henry F. Walker for Respondent.

DORAN, J.—The action herein is for injuries sustained by plaintiff while seated in the back seat of a Ford automobile, alleged to have resulted when the defendant's Buick ran into the rear of plaintiff's car at the intersection of Fifth and Hill Streets in Los Angeles. A jury returned a verdict in favor of the defendant.

The record discloses that about an hour before the accident occurred defendant had had a tooth extracted under local novocain anaesthesia. About noon the defendant started for lunch but gave up the idea because the gum was still bleeding and uncomfortable. The defendant then drove out of a parking station, turned south on Hill Street and after going around a stopped bus near the intersection, ran into plaintiff's car in what is termed by the plaintiff as a "light collision." A policeman testified that "There was no vehicular damage to either (car), that I could see." The officer stated that the defendant "was in a dazed or unconscious condition," was unable to make any statement as to what had occurred, and was taken from the scene by stretcher and ambulance. It was stipulated that the defendant was not under the influence of liquor.

The action was originally brought against Dr. Schildwachter, dentist, on the theory that an excessive amount of novocain had been used and that the dentist had not warned Mr. Showers not to drive. After testimony that the novocain could not have had any after effect and that only 2 cubic centimeters had been injected, the action against the dentist was dismissed.

Plaintiff did not receive any cuts or bruises from the collision and felt no pain until 15 or 20 minutes later. A doctor at the receiving hospital later bound up plaintiff's neck and the asserted pain cleared up in matter of four days. There were later complaints of ear trouble, rib and back pain. There was testimony that plaintiff had always had scoliosis, curvature of the spine, from which back pains could be expected.

Two contentions are advanced by appellant: (1) that the evidence is insufficient to support the verdict, and (2) that the trial court erred in refusing to give instructions on the res ipsa loquitur doctrine.

Appellant's contention that the evidence is insufficient to support the verdict and judgment is untenable. It is a well established principle of appellate procedure that where the record reveals any substantial evidence in support of the judgment, there can be no reversal on the ground of insufficiency. This rule applies whether the evidence is contradicted or uncontradicted and precludes any reappraisal of the testimony. That the record herein does disclose substantial evidence in support of the verdict cannot be doubted. From this evidence the jury came to the conclusion that the plaintiff had not made out a case of actionable negligence or that no injury had resulted from the slight collision.

 Nor is there any merit in appellant's argument that the trial court improperly refused to instruct on the doctrine of res ipsa loquitur. As stated in the respondent's brief: "To have given B.A.J.I. 206-B as requested by plaintiff would have constituted a determination by the court *as a matter of law* that there was no question but that plaintiff proximately was injured in an occurrence so as to require application of the doctrine. This is erroneous when there is a question of fact for determination by the jury as to whether there was an occurrence or as to whether plaintiff proximately was injured thereby . . . It cannot be said herein that plaintiff as a matter of law established that she received any injury. The least that may be said is that it was a question for the jury."

The instructions given, considered as an entirety, clearly presented the various issues raised by the testimony. One of these issues was that of unavoidable accident, and it may well be that this was the conclusion of the jury. Likewise the jury, from the evidence, may have been convinced that the plaintiff had suffered no injury from the collision and that the condition complained of had resulted from

plaintiff's previous health condition. In any event, as hereinbefore indicated, the judgment is supported by substantial evidence, and no reversible error is apparent.

The judgment is affirmed and the attempted appeal from the order denying a new trial is dismissed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied January 2, 1957, and appellant's petition for a hearing by the Supreme Court was denied February 6, 1957. Carter, J., was of the opinion that the petition should be granted.