[Civ. No. 26512.   Second Dist., Div. One.   Dec. 7, 1962.]

GERTRUDE E. HOYT, Plaintiff and Appellant, v. LOS ANGELES METROPOLITAN TRANSIT AUTHORITY et al., Defendants and Respondents.

Gertrude E. Hoyt, in pro. per., and John Joseph Hall for Plaintiff and Appellant.

Henry R. Thomas and Henry F. Walker for Defendants and Respondents.

FOURT, J.—This is an appeal from a judgment in favor of defendants in an action involving a rear-end collision.

Appellant filed a complaint wherein she charged in effect, among other things, that the corporate defendant Los Angeles Metropolitan Transit Authority (hereinafter referred to as the Railroad) and Robert Livingston, a streetcar operator, had so negligently operated a streetcar as to cause it to collide with the rear portion of her automobile which she was driving; that further she had been severely injured as a consequence of the collision. The cause was tried before a jury.

A résumé of the facts is as follows: at or about 6:30 a. m. on September 23, 1958, plaintiff, who was a registered nurse, was driving her automobile westerly on Pico Boulevard in Los Angeles. She brought the car to a stop for a traffic signal stop at the intersection of Pico Boulevard and Crenshaw Boulevard. The defendant's streetcar was traveling westward on Pico Boulevard. Livingston, the operator of the streetcar, first paid attention to the plaintiff's automobile when the automobile was stopped at the signal and the streetcar was about 40 feet away. He saw no hand signal of the driver of the automobile. When he first noticed the automobile the traffic signal was red, but as the streetcar progressed to the streetcar loading zone the traffic signal turned green. He intended to and did slow down the streetcar for the purpose of

coming to a stop, to the end that passengers on the streetcar could be discharged at the passenger loading zone. Livingston expected the automobile to proceed with the go signal light, but the automobile did not so proceed and thereupon he applied the brakes of the streetcar as in an emergency. The streetcar, while traveling at about three to five miles per hour, struck the rear end of the automobile. The left rear taillight and back-up light of the automobile were damaged. The automobile was moved forward by reason of the impact some 5 to 10 feet.

Livingston got off the streetcar, asked the plaintiff if she was hurt, exchanged identification and returned to the streetcar. The plaintiff did not state to him that she had been injured and there was no visible indication or sign of any injury to the plaintiff.

The plaintiff testified that she had been and was driving in the streetcar tracks and not in the righthand lane of traffic, and further that she was stopped at the red light at the time of the impact. She gave no signal with reference to stopping the automobile. She worked all of the day of the alleged accident. The next day she drove to the hospital where she was working as a nurse.

On the day of the accident she failed to tell any doctor that she had been hurt or to ask to be checked or X-rayed; she never made any report to the police and never went to a receiving hospital. On the next day or so she drove the automobile to a garage for an estimate of the cost of repairs for the damage done to the rear end thereof. Although the damage was to the rear end only she requested that the entire car be painted. She further continued to work until October 3 and did not see a doctor except for a previous standing order which she had for medication for a disability entirely unconnected with the accident. On October 12 she went to a doctor because of a heart condition, however there was no claim upon her part that any such condition came about because of the accident.

The next doctor seen by her was Dr. Haft on November 3, 1958, who was produced at the trial by the defendants. Dr. Haft took X-rays and referred her to his attorneys (not present counsel). She later saw several different doctors for different and varied ailments.

Dr. Haft, in testifying for the defendants, stated in effect that he specialized in orthopedic surgery and that he had exam-

ined plaintiff on November 3, 1958, and had taken X-rays; that the X-rays showed changes of the cervical spine and osteo-arthritic changes which had been present for several years; that he found nothing wrong with plaintiff which resulted from the accident of September 23, 1958.

Dr. Kerland testified for the defendants that he had examined the plaintiff and could find no objective conditions which would account for her subjective complaints.

Dr. Killian testified in behalf of the plaintiff and stated that he received his license to practice in July 1959 and further that he first saw the plaintiff about two months later. He examined the plaintiff on September 15, 1959, and stated that her complaints at that time were subjective and not objective and that although he had treated her subsequently for two and one-half years she continued with the same complaints.

The defendants made a settlement with the plaintiff and paid for the property damage to the automobile. No automobile property damage was sought in this action.

The jury was instructed upon the giving of hand signals which are required by sections 544 subdivision (c), 545 and 546 subdivision (c) of the Vehicle Code as requested by the defendants. See footnote.[1]

The jury, after the arguments and instructions by the court, retired at 11:33 a. m. for deliberation. It may be presumed that they went out to lunch during the usual lunch hour. Following the noon recess the judge called counsel into his

---

[1]"You are instructed that the law of the State of California, in full force and effect at the time of the accident which is the subject of this litigation, provided as follows:

" '(c) No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any other vehicle immediately to the rear when there is an opportunity to give such signal.'

"(Requested by Defendant.

"(Given as Modified. Bauder, Judge.)"

" '545. Signals by Hand and Arm Signal Device. The signals herein required shall be given either by means of the hand and arm or by signal lamp or mechanical signal device of a type approved by the department.'

"(Requested by Defendant.

"(Given as Modified. Bauder, Judge.)"

" '(c) Stop or Sudden Decrease of Speed Signal—Hand and arm extended downward beyond the side of the vehicle.'

"(Requested by Defendant.

"(Given as Modified. Bauder, Judge.)"

chambers. The reporter's transcript with reference to that occasion sets forth:

"THE COURT: Let the record show that outside the presence of the jury Counsel are in the Court's chambers, that the bailiff has handed a note from the jury to the Court which reads as follows:

" 'If we find for the plaintiff in the matter of damages, do we assess damages for the car repair or has this amount been paid for already?'

"Let the record show that the complaint contains no prayer for property damage and counsel stipulate that in addition to telling the jury that the complaint makes no claim for damage to the car, that the evidence shows without dispute that the Railway Company have paid the repair bill, which is evidenced by Defendant's Exhibit E.

"MR. THOMAS: So stipulated.

"MR. WOLF: So stipulated."

The jury was returned to the courtroom at 1:45 p.m. and the judge stated:

"If I correctly understand the question that you submitted to the Court in writing it is this, that you want to know, or the jury wants to know whether or not if the verdict is for the Plaintiff that should include the damage to the car or, on the other hand, if the damage to the car has been paid.

"Is that substantially the question?

"MR. SCHWESKA: Yes, sir, that is substantially correct.

"THE COURT: The Complaint contains no claim presently for damage to the vehicle and the evidence shows, without dispute, that the defendant Transit Lines has paid the damages to the car in the amount that is reflected in Defendant's Exhibit E.

"Does that answer your question?

"MR. SCHWESKA: Yes, sir.

"THE COURT: You may retire."

The jury thereupon returned for further deliberations at 1:48 p.m. and at 1:52 p.m. the jury returned to the courtroom with a unanimous verdict for the defendants.

Appellant now asserts that it was error to give the requested instructions heretofore set forth because there was no evidence in the record to justify such instructions.

■■■ Error in and of itself does not necessarily require the reversal of a judgment. Prejudice resulting from the error must be shown and that such prejudicial error under the

circumstances justifies a reversal. In *Semple* v. *Andrews,* 27 Cal.App.2d 228, 235 [81 P.2d 203] it is said:

"Prejudicial error will never be presumed, and the burden is upon the appellant to show that it exists. There is no such showing here. Whatever may have been the interpretation put upon section 475 of the Code of Civil Procedure prior to the adoption of section 4½ of article VI of the Constitution, it is settled that injury is no longer presumed from error, but must be affirmatively shown."

(See *Perbost* v. *San Marino Hall-School for Girls,* 88 Cal. App.2d 796, 801 [199 P.2d 701]; *Santina* v. *General Petroleum Corp.,* 41 Cal.App.2d 74, 77 [106 P.2d 60]; *Powell* v. *Bartmess,* 139 Cal.App.2d 394, 407 [294 P.2d 150].)

The court in the case at bar refused to give defendants' requested instructions on the definition of contributory negligence, BAJI 103.1 Revised and BAJI 113, with reference to the issues to be determined (contributory negligence). In other words, the court did not instruct that contributory negligence was a defense to the claims of plaintiff.

Appellant chiefly relies upon the cases of *Smith* v. *Philip Morris Co.,* 107 Cal.App.2d 361 [237 P.2d 295]; *Zaferis* v. *Bradley,* 28 Cal.App.2d 188 [82 P.2d 70], and *Pierce* v. *Black,* 131 Cal.App.2d 521 [280 P.2d 913] to support her contention. The *Smith* case was a trial without a jury and the question of proper instructions was not in anywise involved therein. A reading of the *Zaferis* case fails to disclose anything which is of assistance to the appellant. In the *Pierce* case the defendant started his automobile without first determining whether the move could be made with safety and was negligent as a matter of law in striking a pedestrian on a sidewalk. The evidence in that case showed no possibility of contributory negligence upon the part of the plaintiff, yet in spite of this the court gave instructions upon the matter of the defense of contributory negligence. The appellate court in reversing the judgment in favor of the defendant stated the usual rule, namely that ". . . the giving of an instruction which finds no support in the evidence constitutes prejudicial error, *where as here, it is calculated to mislead the jury.*" (Emphasis added.)

This court is not required to nor do we presume that the judgment should be reversed. The presumptions are to the contrary. (See *Smith* v. *Wiget,* 75 Cal.App.2d 591, 594 [171 P.2d 563]; *Perbost* v. *San Marino Hall-School for Girls,* 88 Cal.App.2d 796, 801 [199 P.2d 701].)

We assume that the jury understood the instructions and applied them to the evidence at hand. (*Zuckerman* v. *Underwriters at Lloyd's, London,* 42 Cal.2d 460, 478-479 [267 P.2d 777].)

As heretofore pointed out the jury in this case was not instructed upon contributory negligence or its effects upon the plaintiff's claim.

It is reasonably apparent from the evidence and from a reading of the reporter's transcript that the jury was of the mind that plaintiff should be compensated for the damage to her automobile if such had not already been paid by the defendants, but that the plaintiff herself had not been injured in the accident and was not entitled to any damages for any alleged personal injuries. (See *Kaichen* v. *Showers,* 146 Cal. App.2d 804, 806-807 [304 P.2d 137]; *Carruthers* v. *Cunha,* 133 Cal.App.2d 91, 96 [283 P.2d 384]; *Nelson* v. *Black,* 43 Cal.2d 612 [275 P.2d 473].)

It is apparent that the instructions complained of had nothing to do with the determination of the jury. The error in the giving of the instructions was inconsequential. (See *Powell* v. *Bartmess,* 139 Cal.App.2d 394, 407 [294 P.2d 150].)

A reversal is not warranted unless it appears probable that a different result would have obtained but for the giving of the inapplicable instructions. No such showing has been made in this case. (See also *Grasgreen* v. *Acme Auto Parks,* 165 Cal.App.2d 680, 684-685 [332 P.2d 337]; *Judkins* v. *Aromalene, Inc.,* 194 Cal.App.2d 48 [14 Cal.Rptr. 623]; *Rather* v. *City & County of San Francisco,* 81 Cal.App.2d 625, 636 [184 P.2d 727]; *Guerra* v. *Balestrieri,* 127 Cal.App. 2d 511, 517 [274 P.2d 443]; *Caccamo* v. *Swanston,* 94 Cal. App.2d 957, 971-972 [212 P.2d 246].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.